UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

BRIGHT START FURNITURE, INC.,
and IDEA NUOVA, INC.

           Plaintiffs,

          -against-

E AND B GLOBAL, INC. and RICHARD FRANCO,

          Defendants.

------------------------------------------------------------------X

Civil Action No.:

**VERIFIED COMPLAINT**

**09   3003**

MAUSKOPF, J.

AZRACK, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 14 2009 ★
BROOKLYN OFFICE

Plaintiffs BRIGHT START FURNITURE, INC., (hereinafter "BRIGHT START") and IDEA

NUOVA, INC. (hereinafter "IDEA NUOVA"), bring this Complaint against, Defendants E AND

B GLOBAL, INC. and RICHARD FRANCO alleging upon information and belief as follows:

### PARTIES

1.     Plaintiff BRIGHT START is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 80 Richards Street, Brooklyn, New York 11213.

2.     BRIGHT START is a citizen of the State of New York.

3.     Plaintiff IDEA NUOVA is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 302 Fifth Avenue, New York, New York 10001.

4.     IDEA NUOVA is a citizen of the State of New York.

5.     Defendant E AND B GLOBAL, INC. is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located in Brooklyn, New York.

- 1 -

6.     E AND B GLOBAL, INC. is a citizen of the State of New York.

7.     Defendant RICHARD FRANCO is an individual, residing at 1070 East 8th Street, Brooklyn, New York 11230.

8.     RICHARD FRANCO is a citizen of the State of New York.

9.     RICHARD FRANCO is the principal and registered agent of E AND B GLOBAL, INC.

10.     RICHARD FRANCO is the President, CEO, and sole shareholder of E AND B GLOBAL, INC.

## JURISDICTION AND VENUE

11.     This action arises under the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 *et seq.*, and is an action for unfair competition and federal trade dress infringement, pursuant to the Lanham Act, 15 U.S.C. §§ 1121, 1125, and for a Declaratory Judgment pursuant to 28 U.S.C. § 2201(a).  This Court's jurisdiction is based upon 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a) and (b).  This Court also has supplemental jurisdiction under the provisions of 28 U.S.C. § 1367(a).

12.     Venue is proper in this District Court pursuant to the provisions of 28 U.S.C. 1400(a).

## FACTS

13.     IDEA NUOVA is a company based in New York that designs and markets novelty products for the home, with a specialty in bedding.

14.     BRIGHT START is a company based in Brooklyn that designs and markets children's furniture.

15.     IDEA NUOVA owns copyright rights in its designs.

- 2 -

16.     On or about June of 2008, BRIGHT START hired FRANCO to manage and operate BRIGHT START, which, at the time, was a new venture.

17.     E AND B GLOBAL, INC. was paid a consulting fee by BRIGHT START.

18.     BRIGHT START's principals, to date, have invested approximately $750,000 in BRIGHT START.

19.     BRIGHT START terminated the relationship with FRANCO and E AND B GLOBAL, INC. on June 5, 2009.

20.     FRANCO was the principal and sole driving force for E AND B GLOBAL, INC.

21.     FRANCO and E AND B GLOBAL, INC. were and are alter egos.

22.     BRIGHT START gratuitously paid E AND B GLOBAL, INC. the equivalent of three weeks of consulting fees as FRANCO's severance.

23.     FRANCO quickly became disgruntled by the termination and set out to harm and blackmail BRIGHT START.

24.     FRANCO personally attempted to blackmail the plaintiffs by, *inter alia*, demanding sums of money under threat of FRANCO divulging BRIGHT START's trade secrets, defaming BRIGHT START, disparaging BRIGHT START's products, and infringing upon IDEA NUOVA's copyrights.

25.     While at BRIGHT START's offices, FRANCO entered IDEA NUOVA's office space – which shares space with BRIGHT START – and misappropriated at least two printed designs.

26.     FRANCO then copied and distributed IDEA NUOVA's copyrighted designs.

27.     Said designs are of two distinct floral patterns for bedding.

28.     Said designs are pictorial, graphic or sculptural works protected by the Copyright

Act. 17 U.S.C. §101, 102.

29.     IDEA NUOVA owns copyright rights in said designs.

30.     FRANCO made unauthorized copies of said designs, by at least scanning said designs and creating digitized images.

31.     FRANCO made additional unauthorized copies and unauthorized distributions, by at least emailing said designs to IDEA NUOVA's management on June 10, 2009, with a note stating, "this is nice stuff." *See* **Exhibit A**.

32.     FRANCO's email confirmed that he had access to the designs, had removed them from the premises without authority, had copied them without authorization and was expressing control over them.

33.     FRANCO also misappropriated BRIGHT START's design trade secrets and trade dress.

34.     While working at BRIGHT START, FRANCO had daily access to BRIGHT START's designs and other intellectual property, including the printed designs of the furniture that BRIGHT START was planning to bring to market.

35.     Said designs are pictorial, graphic or sculptural works protected by the Copyright Act. 17 U.S.C.§101, 102. Said crib designs are also the protectable trade dress of BRIGHT START under § 1125 (a) of the Lanham Act.

36.     To the best of Plaintiff's knowledge, said works of art have been published by only BRIGHT START, and all copies of same have been printed, reproduced and published by BRIGHT START in strict conformity with the provisions of the Copyright Act, and all other laws governing copyright.

37.     FRANCO threatened to make unauthorized copies and distributions of said

- 4 -

designs and trade dress, by at least sending copies of said designs to Bight Start's competitors, stating in an email to a BRIGHT START officer, "all the new cribs that are in the line are going to your competitors.  I have copies of every single one." *See* **Exhibit B**.  A copy of pictorial images of the BRIGHT START designs is attached as **Exhibit C**.

38.     While working at BRIGHT START, FRANCO learned substantially all of BRIGHT START's trade secrets.

39.     FRANCO misappropriated trade secrets while working at BRIGHT START.

40.     Plaintiff's attorneys wrote to FRANCO by mail and email on July 10, 2009, demanding that FRANCO cease his threats of infringement, disparagement, and wrongful conduct. *See* **Exhibit D**.

41.     Thereafter, FRANCO sent an email to Target, Inc. – one of Plaintiff's main customers – which contained disparaging statements regarding BRIGHT START's products, and BRIGHT START's trade secrets. *See* **Exhibit E**.

42.     Said email was specifically designed to harm Plaintiffs' relationship with Target and other third parties.

## COUNT ONE:  COPYRIGHT INFRINGEMENT

43.     Plaintiffs repeat, reiterate, and reallege each and every statement in Paragraphs 1– 42 as if fully set forth herein.

44.     FRANCO had undisputed access to Plaintiffs' copyrighted works, including the aforementioned floral patterns owned by IDEA NUOVA.

45.     FRANCO made copies of IDEA NUOVA's copyrighted designs. FRANCO also distributed them via the internet to an officer of Idea Nuova with the note, "this is nice stuff." *See* **Exhibit A**.

- 5 -

46.     By reason of the foregoing, FRANCO infringed IDEA NUOVA's copyrights with respect to the designs, in violation of Section 106 and Section 501 of the Copyright Act, 17 U.S.C. §106 and §501.

47.     FRANCO threatened to harm Plaintiff's by contacting their customers and competitors to both disparage plaintiff's good will and trample on Plaintiff's intellectual property rights.  FRANCO has already contacted at least 1 of Plaintiff's competitors. *See* **Exhibit E.** FRANCO then threatened to contact more of Plaintiff's customers. *See* **Exhibit F.**

48.     Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunction relief halting the copying use and dissemination of Plaintiff's copyrighted designs.

49.     Pursuant to 17 U.S.C. §§ 504 and 505, plaintiff is entitled to statutory damages and/or actual damages and to attorneys' fees and costs.

## COUNT TWO:  FALSE DESIGNATION OF ORIGIN

50.     Plaintiffs repeat, reiterate, and reallege each and every statement in Paragraphs 1 – 49 as if fully set forth herein.

51.     Defendants' are liable for false designation of origin under 15 U.S.C. § 1125(a) in that, without plaintiff's written permission, FRANCO threatened to give the false and misleading impression that: (a) the crib designs did not originate with BRIGHT START; and/or (b) are of shoddy quality.

52.     Defendants' threatened distribution of BRIGHT START's crib designs constitutes a false designation of origin, and false descriptions or representations, tending to falsely describe and/or misrepresent defendants' products and services as they are related to plaintiff.

53.     Plaintiff believes it is likely to be damaged by the use of such false designation of origin, descriptions and/or representations, all in violation of Section 43(a) of the Lanham Act

- 6 -

[15 U.S.C. § 1125(a)].

## COUNT THREE:  TRADE DRESS INFRINGEMENT

54.   Plaintiffs repeat, reiterate, and reallege each and every statement in Paragraphs 1 – 53 as if fully set forth herein.

55.   As a cause of action and ground for relief, Plaintiff alleges trade dress infringement by the Defendants in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.   Section 43 (a) of the Lanham Act, 15 U.S.C. Section 1125(a) prohibits the copying of trade dress and sets forth in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is unlikely to be damaged by such act.

57.   Defendants' threatened conduct will cause, the public to believe that Plaintiff's designs are in some way associated with, affiliated with and/or originating from Defendants.

58.   Defendants have demonstrated by writing to Target, Inc. on July 10, 2009 that unless restrained by this Court they will fulfill their promise to infringe upon BRIGHT START's trade dress.

59.     The Defendants' threatened acts constitute false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or affiliation of Plaintiffs' designs with Defendants.

60.     There will be actual confusion among BRIGHT START's consumers as to the source of its crib designs.

61.     Defendants' threatened use of Plaintiffs' trade dress is without the license or consent of Plaintiff.

62.     Defendants' aforesaid threatened acts constitute trade dress infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     Plaintiff will suffer substantial and irreparable injury as a result of Defendants' infringement of Plaintiff's trade dress and will continue to do so unless enjoined by this Court. This Court is authorized under 15 U.S.C. § 1116(a) to grant an injunction "to prevent a violation under Subsections (a) (c) or (d) of Section 1125.

## COUNT FOUR:  DECLARATORY JUDGMENT – COPYRIGHT INFRINGEMENT

64.     Plaintiffs repeat, reiterate, and reallege each and every statement in Paragraphs 1 – 63 as if fully set forth herein.

65.     FRANCO cannot dispute that the above-described IDEA NUOVA designs are the property of IDEA NUOVA.

66.     FRANCO has made unauthorized copies of such works and threatens to continue to make copies of the works and distribute them to Plaintiffs' competitors without consent.

67.     Plaintiffs are being damaged by FRANCO's apparent belief that he is entitled to

- 8 -

make such copies.

68.     Accordingly, Plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. 2201 and Rule 57 of the Federal Rules of Civil Procedure, that the copying and/ or distribution of IDEA NUOVA'S copyrighted designs infringes upon its copyrights.

## COUNT FIVE:  DECLARATORY JUDGMENT –INFRINGEMENT

69.     Plaintiff BRIGHT START repeat, reiterate, and realleges each and every statement in Paragraphs 1 – 68 as if fully set forth herein.

70.     FRANCO cannot dispute that BRIGHT START's crib designs are the property of BRIGHT START.

71.     FRANCO has threatened to make unauthorized copies of such works and threatens to distribute them to BRIGHT START's competitors without consent.

72.     BRIGHT START will be damaged by FRANCO's apparent belief that he is entitled to make such copies and distributions.

73.     Accordingly, Plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. 2201 and Rule 57 of the Federal Rules of Civil Procedure, that the copying and distribution of the crib designs infringes upon BRIGHT START's trade dress.

## COUNT SIX:  MISAPPROPRIATION OF TRADE SECRETS

74.     Plaintiffs repeat, reiterate, and reallege each and every statement in Paragraphs 1 – 73 as if fully set forth herein.

75.     Plaintiffs possess a variety of trade secrets, including trade secrets in their designs, products and business methods.

76.     FRANCO had access to these trade secrets while performing duties at BRIGHT START's offices.

77.     FRANCO was provided access to such trade secrets solely for the limited purpose of performing his employment duties and managing BRIGHT START.

78.     FRANCO owed a duty of loyalty to his employer, BRIGHT START.

79.     As BRIGHT START's manager, FRANCO owed a fiduciary duty to BRIGHT START.

80.     FRANCO had a duty to keep BRIGHT START's trade secrets confidential by virtue of his employment at BRIGHT START.

81.     FRANCO breached his duties and revealed BRIGHT START's confidential information, and has unequivocally used BRIGHT START's trade secrets for purposes beyond those authorized by BRIGHT START.

82.     FRANCO misappropriated, is using, and threatens to continue using BRIGHT START'S trade secrets that were discovered through improper means, including theft of materials containing trade secrets from Plaintiffs' offices.

83.     BRIGHT START assert the pendent State claim of misappropriation of trade secrets under the Court's ancillary jurisdiction.

## COUNT SEVEN: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

84.     Plaintiffs repeat, reiterate, and reallege each and every statement in Paragraphs 1 – 83 as if fully set forth herein.

85.     BRIGHT START has a contractual and/or legally protectable business relationship with Target, Inc. and other customers.

86.     FRANCO knew of these relationships and intentionally interfered with them, by at least sending the July 10, 2009 email to Target, Inc.  FRANCO threatens to continue this wrongful interference unless Defendants are paid sums of money by BRIGHT START.

87.   The Defendants' conduct was out of malice, or used dishonest, unfair, or improper means.

88.   The Defendants' interference caused injury to BRIGHT START's relationship with Target, Inc.

89.   Defendants' actions and threatened actions will cause additional harm to BRIGHT START's relationships with its customers, which FRANCO has threatened to immediately contact unless he is paid sums of money.

90.   FRANCO also attached IDEA NUOVA's relationship with Target, Inc. in the same way.

91.   Plaintiffs assert the pendent State claim of tortious interference under the Court's ancillary jurisdiction.

## COUNT EIGHT:  DEFAMATION

92.   Plaintiffs repeat, reiterate, and reallege each and every statement in Paragraphs 1 – 92 as if fully set forth herein.

93.   Plaintiffs assert the pendent State claim of defamation under the Court's ancillary jurisdiction.

94.   Defendants knowingly made false allegations with knowledge of their falsity, intending to disparage, defame and economically harm Plaintiffs, and which have economically harmed Plaintiffs.


WHEREFORE, Plaintiff demands judgment against defendants as follows:

(a)   A declaratory judgment that defendants willfully infringed plaintiff's copyright and trade dress, under 28 U.S.C. 2201(a);

(b)     Under the authority of 17 U.S.C. §502 and 15 U.S.C. §§ 1114, 1116, and 1125, a Temporary Restraining Order and an injunction restraining defendants, and their officers, directors, principals, agents, servants, employees, successors and assigns, and all those acting in concert, combination or participation with any of them either directly, indirectly, singly or together, from, *inter alia*, copying, advertising, distributing, selling or otherwise using or marketing the Plaintiffs' trade dress, designs or in any way infringing plaintiffs' copyrighted works and/or trade dress;

(c)     That Defendants be directed to file with this Court and to serve upon Plaintiff within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs (b), pursuant to 15 U.S.C. 1116(a);

(d)     That Plaintiffs recover Defendants' profits and the damages arising from Defendants' acts of trade dress and trademark infringement, false designation of origin, false description or representation, unfair competition, and deceptive trade and business practices, pursuant to 15 U.S.C. 1117(a);

(e)     That Plaintiff recover statutory damages under 17 U.S.C. §504(c);

(f)     That Plaintiff recover its reasonable attorney fees incurred in this action pursuant to 15 U.S.C 1117(a);

(g)     That Plaintiff have and recover its taxable costs and disbursements incurred in this action pursuant to 15 U.S.C. 1117(a);

(h)     That Plaintiff recover compensatory and punitive damages in the amount of $1 million pursuant to Counts Six, Seven, and Eight herein;

(i)    That Plaintiff have such other and further relief as the Court may deem

just and proper.

Dated: New York, New York
       July 14, 2009

Respectfully submitted,

**THE BOSTANY LAW FIRM**

By:    _____

John P. Bostany (JB-1986)
*Attorneys for Plaintiffs*
40 Wall Street - 61st Floor
New York, New York 10005
(212) 530-4400
john@bozlaw.com

- 13 -

-----Original Message-----
From: Richie Franco [mailto:ricfranco1@msn.com]
Sent: Friday, July 10, 2009 12:11 PM
To: beno; isaac Ades; solmi
Subject: Fw:
Attachments:  WATERCOLOR.jpg (164 KB); PR5F604 CALLIE BED.jpg (170 KB)

this is nice stuff

Sent via BlackBerry by AT&T



# mercer STREET



Registered design and concept by Idea Nuova, Inc. **Idea Nuova**



-----Original Message-----
From: Richie Franco [mailto:ricfranco1@msn.com]
Sent: Friday, July 10, 2009 2:45 PM
To: beno; Tino Accad; solmi
Cc: Marty Foley; Clarke ; Julie Knisley ; Pauline Wood ; Bob Frain
Subject:

Beno
This is the last email I will send to you.
All the new cribs that are In the line are going to your competitors. I
have copies of every single one

I will make sure that all accounts are aware if all the failures on the
cribs and that they must be tested again..

If you decide to pay me the 20,000 due to me. We can end this now.
If I don't hear from you by days end I will know your intentions.

Please do not have your puppet isaac tell me that these are not in the
budget right now.

The money may mean nothing to you but I'm trying to pay my bills..

I would also pull solmi from this if you want things to get done right.
All he does is cause trouble
Its a shame it had to come to this.


Richie
Sent via BlackBerry by AT&T



cabana baby

Austin combo

BCR-SLEIGH ROOM

# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

July 10, 2009

Richie Franco
1070 East 8th Street
Brooklyn, NY 11230

Dear Mr. Franco:

We represent Idea Nuova, Inc. with regard to certain misconduct on your part, including, threats of defamation, tortuous interference and unfair competition. We also have reason to believe that you are responsible for the conversion of certain valuable assets and intellectual property. Please cease and desist your conduct and let us meet next week in the interest of resolving this very serious matter amicably. If you refuse to cooperate in a reasonable fashion, we will have no choice to commence legal proceedings against you personally. Please be guided accordingly.

Regards,

J. P. B.

John P. Bostany

----- Original Message -----
From: Richie Franco <ricfranco1@msn.com>
To: jenny.bender@target.com <jenny.bender@target.com>
Cc: beno; Tino Accad; solmi; Marty Foley
Sent: Fri Jul 10 18:54:15 2009
Subject: URGENT ....

Dear Jenny,
 I feel it it my obligation to advise you regarding Bright Start Furniture

We started the division with the assurance of putting a professional team of engineers and quality control managers in the factories. i was sent overseas numerous times but Idea Nuova kept wasting time and lost the people that were available to them.

They are under the assumption that they  have someone aboard that is a high quality engineer, but he is nothing more than an inspector.

They do have a good engineer in the USA but he cannot control the workmanship of the product.

They have failed  testing on every item they are bringing in a number of times. the merchandise was already in production before they received a passed notice.

I do hope the merchandise will be safe. I would have it tested again before shipping it to a consumer.


Regards,
Richie Franco

----- Original Message -----
From: Richie Franco <ricfranco1@msn.com>
To: Tino Accad; beno
Sent: Fri Jul 10 18:55:46 2009
Subject:

the rest will go out in sunday
shabat shalom

## **VERIFICATION**

ISAAC ADES, declares under penalty of perjury, pursuant to 17 U.S.C. § 1746, as follows:

1.   I am an officer of both plaintiffs in this action.

2.   I have read the foregoing Verified Complaint and know the contents thereof.  The same is true to my knowledge except as to the matters stated to be alleged on information and belief and as to those matters I believe them to be true.

Isaac Ades