UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRIGHT START FURNITURE, INC. and
IDEA NUOVA, INC.

                Plaintiffs,                     MEMORANDUM ORDER AND
                                                        PRELIMINARY INJUNCTION
      - against -                                 09-CV-3008 (RRM) (JMA)

E AND B GLOBAL, INC. and
RICHARD FRANCO

                Defendants.
------------------------------------------------------------X
MAUSKOPF, United States District Judge.

      Based upon the record before the Court – including the Verified Complaint (Docket No. 1) and attached exhibits; the Declarations of Benjamin Accad and Jennifer Guttierez dated July 15, 2009 (Docket No. 2); the exhibits annexed to the Letter of John Bostany dated July 23, 2009 (Docket No. 7); the Declaration of Richard Franco dated July 29, 2009 (Docket No. 12); the Declaration of Isaac Ades dated July 30, 2009 (Docket No. 14); and the in-court testimony of Isaac Ades, Richard Franco, and Jennifer Guttierez taken during the preliminary injunction hearing held on July 31, 2009 – Plaintiffs' application for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 is hereby GRANTED as set forth below.

      "[A] party seeking a preliminary injunction must demonstrate (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Fed. Express Corp. v. Fed. Espresso, Inc.*, 201 F.3d 168, 173 (2d Cir. 2000). Based on evidence submitted by both Plaintiffs and Defendant Franco, the Court finds that Plaintiffs have met their burden in this case.

1

Defendant Franco concedes that he currently possesses numerous documents containing information concerning Plaintiffs' businesses, including information relating to the design, manufacture, and pricing of some of Plaintiffs' products. Franco also concedes that on numerous occasions during the past few weeks, he has threatened to disseminate information relating to Plaintiffs' designs, manufacturing processes, pricing practices, and/or customer identities, in the event that Plaintiffs do not pay him money he believes he is owed. In addition, Franco admits that he sent an e-mail to one of Plaintiffs' customers, disparaging Plaintiffs' products, and that he threatened to continue such actions.

In light of the evidence presented, Plaintiffs have shown that, absent the issuance of a preliminary injunction, their businesses and reputations will suffer immediate and irreparable injury from the dissemination of Plaintiffs' product designs, pricing practices, manufacturing processes, and other trade secrets, as well as the dissemination of defamatory statements about Plaintiffs to their customers and others. In addition, Plaintiffs have satisfied their burden of demonstrating "(a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly" in their favor. *Id.* Indeed, Franco can point to no hardship that he will suffer as a result of the injunctive relief sought by Plaintiffs. For the foregoing reasons, it is hereby

ORDERED that Defendant RICHARD FRANCO, and his agents, servants, employees, officers, distributors, sales companies, affiliates, sales representatives, salespersons, and all persons in active concert, privity and/or participation with them, are preliminarily enjoined, pending the final hearing and determination of this action, from:

    a. Communicating, transmitting, or otherwise delivering any trade secrets of Plaintiffs, including BRIGHT START's designs, customer identities, price points, and manufacturing processes; and/or

b. Sending any communication, whether written, electronic, oral, or otherwise, to any person or entity, where such communication is defamatory toward Plaintiffs or Plaintiffs' agents, servants, employees, officers, distributors, affiliates, customer, or products; and it is further

ORDERED that Plaintiffs shall serve a copy of this Order and Preliminary Injunction on Defendant Franco by overnight delivery and shall file proof of service with the Court by 5:00 p.m. on August 3, 2009.

As a final matter, the Court has considered whether the Plaintiffs should be required to give security pursuant to Federal Rule of Civil Procedure 65(c) and, for the reasons set forth on the record at the conclusion of the July 31, 2009 preliminary injunction hearing, concludes that no such security provision is necessary in this case.

SO ORDERED.

/s/ RRM

Dated: Brooklyn, New York
July 31, 2009

ROSLYNN R. MAUSKOPF
United States District Judge